IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SOHRAB SHARMA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-644-RAH |
| | ) | |
| COLETTE PETERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Former federal prisoner Sohrab Sharma filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on November 2, 2023.  (Doc. 1.)  At the time he filed his Petition, Sharma was incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama. (*Id.* at 2.) In his Petition, Sharma sought to be credited 776 days in earned time credits while under pretrial home detention. (*Id.*) In response to the Petition, Respondents provide that the Bureau of Prisons ("BOP") did not violate the Equal Protection Clause by refusing to give earned time credit to Sharma's pretrial home confinement. (Doc. 17 at 1.) Sharma filed a reply to Respondents' answer on February 16, 2024. (Doc. 20.) The BOP inmate database demonstrates that Sharma was released from BOP custody on April 3, 2026.[1]

In regard to whether a 28 U.S.C. § 2241 action has been rendered moot, the Eleventh Circuit has explained, "Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies,'" and the justiciability doctrine's

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited on April 6, 2026).

main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998)). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (quotation omitted).

As a general rule, "a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019); *see also* 28 U.S.C. § 2241(c)(3). The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury . . . some 'collateral consequence' . . . must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The burden remains on the petitioner to establish that his case still presents a live "case or controversy" by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So, "where a habeas petitioner has been released from detention . . . and he has not raised a challenge to a 'collateral consequence,' we've held that . . . his habeas petition has become moot." *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022). Ultimately, "[t]he fundamental question is whether events have occurred that deprive [the Court] of the ability to give the [petitioner] meaningful relief." *Id.*

Here, Sharma sought recalculation of his time credits and a subsequent reduced sentence. (Doc. 1 at 2.) The BOP calculated his time credits, and he was released from custody in April 2026. At this juncture, regardless of whether the BOP gave Sharma the precise number of time credits to which he believes he was entitled, there is no indication in the record that a "collateral consequence" of Sharma's

imprisonment has persisted after his release. Thus, because Sharma has been released from BOP custody since the filing of his Petition, and he has not raised a challenge to a "collateral consequence," a favorable decision on the merits would not provide him any meaningful relief.  *See Djadju*, 32 F.4th at 1107.

## CONCLUSION

Accordingly, Petitioner Sohrab Sharma's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (doc. 1) is **DENIED as moot**.

DONE, on this the 7th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE